UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JIMMY KEE, JR., Individually and For Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PARNELL CONSULTANTS, INC.,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00048<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## COLLECTIVE ACTION COMPLAINT

### Summary

1. Plaintiff Jimmy Kee, Jr. (Kee) brings this lawsuit to recover unpaid overtime wages and other damages from Parnell Consultants, Inc. (Parnell) under the Fair Labor Standards Act (FLSA).

2. Kee worked for Parnell as an inspector.

3. Kee worked for Parnell in excess of forty (40) hours each week.

4. But Parnell did not pay Kee overtime.

5. Instead of paying overtime as required by the FLSA, Parnell paid Kee and the Putative Class Members (defined below) a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) ("day rate").

6. The allegations made herein are applicable to Kee and the other Parnell workers who were paid a day rate.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to Kee and the Putative Class Members.

1

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a significant portion of the facts giving rise to this lawsuit occurred in this District and Division.

10. Kee performed work for Parnell in and around Austin, Texas, in this District and Division.

11. Kee lives in Corrigan, Polk County, Texas.

## THE PARTIES

12. Kee worked for Parnell from approximately October 2019 until approximately October 2021 as an inspector.

13. Kee worked for Parnell in and around Austin, Texas.

14. Kee's consent to be a party plaintiff is attached hereto as **Exhibit A**.

15. Throughout his employment, Kee was paid day rate.

16. Kee's day rate was approximately $190.

17. Parnell did not pay Kee a salary.

18. Kee brings this action on behalf of himself and all other similarly situated workers who were paid through Parnell's day rate payment system.

19. The similarly situated individuals sought to be certified is defined as follows:

> **All current and former inspectors of Parnell Consultants, Inc. who were paid a day rate in the past three (3) years.** ("Putative Class Members").

20. Parnell is an Arkansas Corporation and can be served with service of process at Parnell Consultants, Inc., 139 E. Sixth Street, Booneville, AR 72927.

**COVERAGE UNDER THE FLSA**

21. At all times hereinafter mentioned, Parnell was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all times hereinafter mentioned, Parnell was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all relevant times, Parnell has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

24. At all relevant times, Parnell has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

25. In each of the past 3 years, Parnell's annual gross volume of sales has well exceeded $1,000,000.

26. At all relevant times, Parnell and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

**FACTS**

27. Parnell uniformly applied its policy of paying its inspectors, including Kee, a day rate.

28. Parnell applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

29. By paying its employees a day rate, Parnell violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

30. As a result of this policy, Kee and the Putative Class Members do not receive overtime as required by the FLSA.

31. Parnell's uniform compensation scheme of paying certain employees a day rate without overtime in weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

32. Parnell is in the business of providing "construction, inspection and land solutions in support of energy development, nationwide."[1]

33. Parnell advertises itself as "Your turnkey solutions provider. Pipeline, Land, and Drone Services."[2]

34. Parnell "specializes in all aspects of oil & natural gas pipeline construction and inspection."[3]

35. Parnell provides inspection services, including pipeline, gas distribution systems, certified welding inspection, power plant, gas plant, water plant, and water line.[4]

36. Parnell employs personnel (like Kee) to perform its inspection services.

37. Many of these individuals worked for Parnell on day rate basis.

38. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices (day rate).

39. Kee and the Putative Class Members work or worked for Parnell under its day rate pay scheme.

40. Kee and the Putative Class Members do not receive a salary.

41. If Kee and the Putative Class Members did not work, they did not get paid.

42. Kee and the Putative Class Members received a flat sum per day regardless of the number of hours worked that day or workweek.

---

[1] https://www.parnellconsultants.com/ (last visited January 17, 2022).
[2] https://www.parnellconsultants.com/ (last visited January 17, 2022).
[3] https://www.parnellconsultants.com/ (last visited January 17, 2022).
[4] https://www.parnellconsultants.com/inspection-services (last visited January 17, 2022).

43. Kee and the Putative Class Members do not receive overtime pay.

44. This is despite the fact Kee and the Putative Class Members often work 10 or more hours a day, for 5 to 6 days a week, for weeks at a time.

45. Although Kee and the Putative Class Members typically worked 5 to 6 days a week, for 10 or more hours each day, they did not receive overtime pay.

46. Kee and the Putative Class Members are not employed on a salary basis.

47. Kee and the Putative Class Members do not, and never have, received guaranteed weekly compensation from Parnell irrespective of the days worked (i.e., the only compensation they receive is the day rate they are assigned).

48. Kee's working relationship with Parnell is similar to Parnell's relationship with the other Putative Class Members.

49. Parnell knew Kee and the Putative Class Members worked more than 40 hours in a week.

50. Parnell knew, or showed reckless disregard for, whether Kee and the Putative Class Members were entitled to overtime under the FLSA.

51. Nonetheless, Parnell failed to pay Kee and the Putative Class Members overtime.

52. Parnell willfully violated the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

53. Kee incorporates all previous paragraphs and alleges that the illegal pay practices Parnell imposed on Kee were likewise imposed on the Putative Class Members.

54. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

55. Numerous other individuals who worked with Kee indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

56. Based on his experiences and tenure with Parnell, Kee is aware that Parnell's illegal practices were imposed on the Putative Class Members.

57. The Putative Class Members were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

58. Parnell's failure to pay wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

59. Kee's experiences are therefore typical of the experiences of the Putative Class Members.

60. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

61. Kee has no interests contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Kee has an interest in obtaining the unpaid overtime wages owed to him under federal law.

62. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

63. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Parnell will reap the unjust benefits of violating the FLSA.

64. Furthermore, even if some of the Putative Class Members could afford individual litigation against Parnell, it would be unduly burdensome to the judicial system.

65. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether the Putative Class Members' rights were violated as a result of Parnell's day rate pay plan;

    b. Whether Parnell's day rate pay plan was made in good faith;

    c. Whether Parnell's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

    d. Whether Parnell's decision to not pay a salary to the Putative Class Members was made in good faith;

    e. Whether Parnell's violation of the FLSA was willful; and

    f. Whether Parnell's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

66. Kee and the Putative Class Members sustained damages arising out of Parnell's illegal and uniform employment policy.

67. Kee knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

68. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

### CAUSES OF ACTION

#### I. FLSA VIOLATIONS

69. By failing to pay Kee and those similarly situated to him overtime at one-and-one-half times their regular rates, Parnell violated the FLSA's overtime provisions.

70. Parnell owes Kee and Putative Class Members the difference between the rate actually paid and the proper overtime rate for all overtime hours worked.

71. Because Parnell knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Parnell owes these wages for at least the past three years.

72. Parnell did not comply with the FLSA in good faith.

73. Parnell did not have a subjective believe that it was complying with the FLSA.

74. Parnell did not have objective reasons to believe it was complying with the FLSA in good faith.

75. Parnell never investigated its pay practice.

76. Parnell was aware of other FLSA lawsuits involving day rate.

77. Parnell made no changes to its pay practice over the past 5 years.

78. Parnell is liable to Kee and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

79. Kee and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### **PARNELL RECKLESSLY DISREGARDED ITS FLSA OBLIGATIONS**

80. Parnell was aware of the requirements of the Fair Labor Standards Act.

81. Parnell did not investigate the legality of its classification of Kee and the Putative Class Members as exempt from overtime pay.

82. Parnell did not review the job descriptions of Kee and the Putative Class Members.

83. Parnell did not conduct any time studies of the exempt and non-exempt job duties performed by Kee and the Putative Class Members.

84. Parnell was aware of Kee and the Putative Class Members' job duties.

85. Parnell was aware of Kee and the Putative Class Members' primary duties.

86. Parnell was aware of Kee and the Putative Class Members' hours worked.

87. Parnell was aware Kee and the Putative Class Members worked in excess of forty hours in a workweek.

88. Parnell recklessly disregarded its FLSA obligations and misclassified Kee and the Putative Class Members as exempt from overtime pay.

## JURY DEMAND

89. Kee demands a trial by jury.

## PRAYER

WHEREFORE, Kee prays for judgment against Parnell as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding Parnell liable for unpaid back wages due to Kee and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order awarding Kee and the Putative Class Members their costs of this action;

   d. For an Order awarding Kee and the Putative Class Members their reasonable attorneys' fees and expenses as provided by the FLSA;

   e. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

   f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Michael A. Josephson
    **Michael A. Josephson**
    Texas Bar No. 24014780
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    **Rochelle D. Prins\***
    AZ Bar 031393
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    rprins@mybackwages.com
    *\* Pro Hac Vice application forthcoming*

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**